BARNETTE, Judge.
This is a suit for workmen’s compensation benefits. Plaintiff sought payment in addition to the $118 which had been paid for the four weeks following the alleged injury. This demand was rejected and her suit dismissed. She has appealed.
The plaintiff Mrs. Ann Gilmore Dobard was an employee of R. Theriot Liquor Stores, Inc., as a stock clerk in a neighborhood retail liquor store at the time of the alleged accident, August 7, 1950. She was then about 40 years of age.[1] Suit was filed August 6, 1951, and, for reasons not fully explained, the case was not called for trial until May 26, 1966. Exceptions and motions interrupted the running of the five-year period which would have constituted abandonment of plaintiff’s demands under LSA-C.C. art. 3519. In the meantime, about 1958, plaintiff’s treating physician, Dr. Henry A. La Rocca, died.
The issues, as presented to the trial court, were based on determinations of fact: (1) if plaintiff sustained an injury in the course of employment, and (2) the extent of the disability resulting from the injury.
In this court, plaintiff has raised questions of law based on the refusal of the trial court to admit testimony relative to her own opinion of her ability to return to work. She also contends that the lower court erred in law when it did not allow her to repeat the statements made to her by the treating physician, since deceased, concerning his diagnosis, treatment, and prognosis.
Plaintiff claims to have sustained injury in the course of her employment when lifting cases of beer into a storage cooler. She alleges that the strain of the heavy lifting caused her to experience a sharp pain in her abdomen and across the lower portion of her back. This was accompanied by a bloody vaginal discharge. The next day she was examined by Dr. La Rocca, who permitted her to return to work, but with caution against heavy lifting. She worked only a day or two and returned to Dr. La Rocca on August 11, still complaining of abdominal and low back pain and vaginal bleeding. He advised against working for a while. About a week later, when she visited the doctor again, the vaginal bleeding had stopped, but there was subjective evidence of pain. On September 18, her doctor said she was able to return to work, but advised her against heavy lifting at home and at work. At this time she was informed by her employer that her job had been filled by a male employee. She was paid compensation for four weeks and four days at $26 per week; the total payments being $118.
Plaintiff’s testimony is vague and even contradictory in some respects. For example, she testified that the alleged injury occurred about 20 minutes before closing time, which was 10 p. m., and that she went to the doctor the next day. Her statement given to the insurance adjuster on August 28, 1950, was that she was stacking beer cases between 10 and 11 a. m., when she felt the pains. She admitted in her statement to the adjuster that:
“ * * * I went to work on the next day and worked until approximately 2:30: P.M. when I left to go to' the doctor. That evening I went to Dr. La Rocca in-Algiers and told him what had happened to me the day before. * * * ”
Her explanation of the conflict in testimony as to the time of the accident was her failure to remember accurately the events which occurred 16 years before.
The record reveals that the plaintiff had a history of vaginal bleeding for some years before the alleged injury and consulted several doctors. In connection with *352 this problem, she had a hysterectomy about one year before the alleged injury. The scant medical evidence offered at the trial is inconclusive of an injury sustained in her employment. At most it indicates the possibility of an aggravation of a preexisting condition and that the disability which resulted therefrom lasted no longer than the time for which she was compensated.
The only medical evidence in the record consists of the following two statements by Dr. La Rocca:
“SEPTEMBER 21, 1950
“TO WPIOM IT MAY CONCERN:
THIS IS TO CERTIFY THAT MRS. ANN GILMORE DOBARD WAS TREATED BY ME FOR VAGINAL BLEEDING.
HISTORY: PATIENT STATES
AFTER LIFTING I-IEAVY CASES OF BEER, SHE FELT A SEVERE PAIN IN LOWER ABDOMEN AND SHORTLY AFTERWARDS, SHE COMMENCED TO BLEED. PATIENT STATES THAT SHE HAS NOT SEEN ANY BLEEDING SINCE SHE HAD A SURPRAVAGINAL PIYSTERECTOMY, APPROXIMATELY A YEAR AGO.
DIAGNOSIS: VAGINAL BLEEDING.
PROGNOSIS: PATIENT HAS STOPPED BLEEDING AND FEELS BETTER, BUT STILL COMPLAINS OF LOWER ABDOMEN PAINS. I BELIEVE PAINS ARE CAUSED BY LIFTING OF HEAVY OBJECTS AND I ADVISE AGAINST ANY HEAVY WORK AND PLENTY OF REST.”
“DECEMBER 20, 1950
“TO WHOM IT MAY CONCERN:
IT IS RECOMMENDED THAT THE PATIENT, ANN G. DOBARD, TRY TO PERFORM WORK OF A SEDDENTARY [sic] NATURE AND THAT SHE NOT UNDERTAKE WORK REQUIRING LONG STANDING OR LIFTING OR MANUEL [sic] TASKS DUE TO ABDOMINAL STRAIN AUGUST 7th, 1950, ON RECENT JOB CAUSED BY LIFTING OF HEAVY CASES.”
The court admitted the two foregoing statements into evidence under the best evidence rule, in view of Dr. La Rocca’s death in the interim, and under the relaxed rule of evidence in workmen’s compensation cases. The plaintiff was not permitted to testify relative to the things Dr. La Rocca told her which would have enlarged the written statements. There was a proper exclusion of this testimony as hearsay. Recently this court said in Micheli v. Toye Bros. Yellow Cab Co., La.App., 174 So.2d 168, 171 (1965):
“ * * * Extrajudicial statements, declarations and admissions of a deceased person are the weakest of all evidence and scarcely worthy of consideration. Declarations of a party deceased are inadmissible if the same would be excluded as hearsay were he alive, [citations omitted].”
The court also correctly held plaintiff incompetent to testify on matters relating to diagnosis, treatment, and prognosis. It was proper, however, for her to testify, as she did, what the doctor told her as to the result of the examination, i. e., such things as to avoid heavy lifting; to do light work, etc. Landers v. New Iberia Motor Co., 155 So. 278 (La.App. 1st Cir. 1934).
We do not find anything in the record to indicate an improper exclusion of plaintiff’s testimony relative to pain, discomfort, and treatment or the extent to which these factors caused a disability. She was permitted to testify on these matters fully. There is no basis for complaint that she was denied the right to express her opinion (if it was opinion) of her ability on this account to perform the duties of her em *353 ployment. Any attempt to give a medical opinion would have been improper, and only to this extent does it appear that her testimony might have been restricted.
We agree with the trial judge that the plaintiff has not made out her case by a preponderance of evidence. The relaxation of the rules of evidence and the liberal construction which the courts are required to give to the law in workmen’s compensation cases does not relieve the plaintiff of the burden of proving his case by a preponderance of competent evidence. LSA-R.S. 23:1317; Carrier v. Aetna Cas. & Sur. Co., 186 So.2d 445 (La.App. 1st Cir. 1966); Stuart v. Anheuser-Busch Co., 185 So.2d 333 (La.App. 4th Cir. 1966) ; Credeur v. McManus, 175 So.2d 863 (La.App. 3d Cir. 1965); Carter v. Casualty Reciprocal Exch., 163 So.2d 855 (La.App. 2d Cir. 1964).
The judgment in favor of defendants, rejecting plaintiff’s demands and dismissing her suit at her cost, is affirmed.
Affirmed.

. Application for employment at Krauss Company in March 1951, filed in evidence as D-2, gives her age as 41. There is no other reference to her age in the record.