HOOD, Judge.
Plaintiff, Harold Prier, instituted this action for workmen’s compensation benefits based on total and permanent disability, and for penalties and attorney’s fees. The suit was filed against plaintiff’s former employer, Massman Construction Company, and its compensation insurer, Travelers Insurance Company. Judgment was rendered by the trial court in favor of plaintiff, awarding him the workmen’s compensation benefits claimed, but rejecting plaintiff’s demands for penalties and attorneys fees. Defendants have appealed.
The principal issues presented on this appeal are: (1) Did an accident occur as alleged by plaintiff? And, (2), if a work-connected accident did occur as alleged, then did plaintiff sustain a disabling injury as a result of that accident?
The accident is alleged to have occurred on July 22, 1966. At that time plaintiff was *111 working as a common laborer for Massman Construction Company, which company was engaged in constructing “river matts” to be used in the foundation of a bridge which was to be erected over the Atchafalaya River. While plaintiff and a fellow employee were dragging a heavy willow log over a river matt, plaintiff’s foot slipped and he twisted his back. The log which they were handling was at least 30 feet long and it weighed more than 600 pounds. Plaintiff’s testimony as to the occurrence of the accident and as to the manner in which it occurred is supported by that of his co-worker who was assisting in dragging the log.
Although defendants point out some minor inconsistencies between plaintiff’s testimony and' some prior statements he made as to how the accident occurred, we agree with the trial judge that an accident did occur substantially as related by plaintiff at the trial, and that he did sustain a back injury in that accident.
Plaintiff reported the accident and his back injury to the foreman on the job immediately after the accident occurred. The foreman referred plaintiff to defendant’s superintendent, who also was informed of the accident and alleged injury but who apparently did not take the complaint seriously. Plaintiff returned to his job the same day, but he was assigned lighter duties consisting of tying the matts together with wire. He continued to work for the same employer, performing the lighter duties hereinabove described, for five work days after the accident occurred. On July 28, 1966, however, the defendant employer gave plaintiff his final pay check and terminated the employment. Plaintiff accepted the check under protest, and he demanded that he be sent to a doctor for medical treatment. The defendant thereupon sent plaintiff to Dr. F. P. Bordelon, a general practitioner, for examination and treatment.
Dr. Bordelon did not testify at the trial or by deposition. Plaintiff acknowledged, however, that he was examined twice by Dr. Bordelon within a few days after the accident occurred, that the doctor advised him that his “prostate was bad,” and that he treated him for prostate trouble. Plaintiff also concedes that Dr. Bordelon told him, “You can go back to work; you are well enough.”
Dr. P. M. Davis, Jr., an orthopedic surgeon, examined plaintiff on September 1 and on October 20, 1966. He found no objective signs to substantiate plaintiff’s complaints of pain, and the doctor stated, “It is felt this patient can work and should be encouraged to return to full employment. No doubt he sustained a back sprain, but this has completely subsided.”
Dr. Richard B. Means, also an orthopedic surgeon, examined plaintiff on July 20, 1966, and he concluded, “This patient appears to have recovered from any injuries he might have sustained in the reported accident.”
Dr. Richard R. Michel, a general practitioner and surgeon, examined plaintiff on September 16, 1966, and has been treating him since that time. He found that plaintiff had an “exaggerated lordotic position,” and “degenerative arthritis” in the low back area. He concluded that plaintiff was suffering with a back ache, that the back ache was due partially to plaintiff’s obesity and posture, but that the accident which occurred on July 22, 1966, aggravated this preexisting condition of plaintiff’s back and caused it to be symptomatic.
The treatment administered by Dr. Michel consisted of the administration of anti-arthritic medication and drugs to relieve pain and to relax muscles, and the use of a back brace, or a lumbo sacral support or corset. Plaintiff wore the back brace from the time it was fitted on him, about April 1, 1967, until the time of the trial which took place about 16 days later. Dr. Michel testified that in his opinion plaintiff was disabled from performing heavy manual labor and that his disability resulted from the accident which! occurred on July 22, 1966. He stated, “I think with the brace, and if he will lose weight, I think he *112 will recover and his back will stop hurting him maybe in eighteen months or twenty-four months; but I can’t guarantee you that he’s gonna stop having pain after that time.”
Plaintiff is a 48 year old colored man who is five feet eight inches tall and weighs 195 pounds. He has no skills of any kind, and he has performed common labor since 1936. Prior to this accident he had never sustained an injury and he had never claimed or received any payments as damages or as workmen’s compensation benefits. He testified that he had had no back trouble prior to the date of this accident, but that he has suffered severe back pain continuously since that time. He has performed no work since July 28, 1966, and he stated “That pain’s still hurting me, bad.”
The lay evidence, consisting of the testimony of the labor foreman for defendant, and six of plaintiff’s co-workers, establishes that prior to the accident plaintiff was a good worker and that he had never complained of any back pain or disability. The lay testimony also shows that after this accident occurred plaintiff has not worked and that he has complained repeatedly of pain in his back. We find that plaintiff’s actions before and after the accident are consistent with his claim that he sustained a disabling back injury in that accident.
The trial judge, in accepting the opinions expressed by the treating physician, Dr. Michel, as being correct, said, “The Court was most impressed by the logic and reasonableness of his testimony.” The trial court also said of the plaintiff, “It is hard for the Court to believe he would become a malingerer and continue to be one this length of time and not get anything in return.”
We are aware of the established rule that where the injury complained of falls within a particular field of medicine the testimony of a specialist in that field ordinarily is entitled to more weight than that of general practitioners. Another equally well established rule, however, is that in weighing medical opinions the testimony of an attending physician ordinarily should be accorded more weight than that of a physician who has made an examination for purposes other than for treatment. Harrell v. Southern Pulpwood Insurance Company, 155 So.2d 281 (La.App. 3d Cir. 1963).
The trial judge’s findings of fact, particularly those involving credibility of witnesses testifying before him, are entitled to great weight and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Gulf Machine Shop v. Poynter, 192 So.2d 606 (La.App. 3d Cir. 1966). In the instant suit we cannot say that the trial judge erred in attaching more weight to the opinions expressed by the treating physician than he did to the views expressed by the two orthopedic surgeons who examined plaintiff on only one or two occasions.
Our conclusion is that the trial judge did not err in finding that an accident did occur as alleged, and that plaintiff sustained a disabling back injury as a result of that accident. The period of time which may be required for plaintiff’s recovery is uncertain, and we thus concur in the judgment of the trial court awarding plaintiff compensation benefits based on total and permanent disability.
The evidence indicates that the only medical evidence which defendants had received prior to the institution of this suit was to the effect that plaintiff was not disabled or that there was no causal relationship between the accident and his complaints. Under those circumstances, we agree with the trial judge that defendants were not arbitrary or unreasonable in failing to pay compensation benefits to plaintiff prior to that time. There is no error in the judgment of the trial court, therefore, rejecting plaintiff’s demands for penalties and attorneys fees.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs *113 of this appeal are assessed to defendants-appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.