HOOD, Judge.
This is a workmen’s compensation suit instituted by Laney Vidrine against United States Fidelity & Guaranty Company, the latter being the compensation insurer of Murphy Oil Company. Judgment was rendered by the trial court rejecting plaintiff’s demands, and plaintiff has appealed.
Plaintiff sustained an injury on January 21, 1966, while working for Murphy Oil Company. He was paid workmen’s compensation benefits at the rate of $35.00 per week from the date of the accident through March 10, 1966, together with all medical expenses incurred by him for the treatment of his injury. He contends that he is still disabled and that he is entitled to recover compensation benefits based on total and permanent disability, subject to a credit for the payments which have been made. Defendant contends that plaintiff had fully recovered from his injury by the time the payment of compensation benefits was discontinued, and that he has not been disabled since that time.
The only issue presented on.this appeal, therefore, is whether plaintiff has been disabled as a result of the above described accident since the payment of compensation benefits was discontinued on March 10, 1966.
Plaintiff is 47 years of age. At the time the accident occurred he was employed by *179 defendant’s insured as the manager of a “Spur” gasoline service station in Lake Charles. In that employment he was not required to repair or change tires on any motor vehicle, or to wash or grease cars. On January 21, 1966, while he was carrying a five gallon can of oil, he experienced a sudden and severe pain in his left side. He reported the accident to his employer, and he then consulted Dr. Robert B. Clifton, a physician and surgeon, who diagnosed plaintiff’s injury as an “indirect sliding hernia.” Dr. Clifton performed surgery for the repair of the hernia four days later, and thereafter he treated plaintiff for approximately seven weeks, discharging him on March 10, 1966, as being fully recovered and as being able to resume his employment.
Vidrine returned to his former employment at the Spur service station immediately after being discharged by Dr. Clifton. About six or seven weeks later he left that employment and went to work as a service station attendant for another employer at the College Esso Station in Lake Charles. His employment at the College Esso Station required him to perform heavier manual labor than he had performed at his former job, including such duties as changing automobile and truck tires, and washing and greasing cars. He has been working at the last mentioned job continuously since that time.
Plaintiff testified that he “felt fine” and had no pain or disability immediately after he returned to work on March 10, 1966, but that after working for two or three weeks he began to suffer pain in his left side. He stated that this pain has persisted since that time, that he experiences pain in his left side after doing heavy lifting or strenuous work or after walking a great deal, and that the pain is so severe that he frequently has had to stop and sit down until it subsides. About four months after being discharged by his treating physician, plaintiff consulted and was examined by Dr. Wilson D. Morris, a physician and surgeon. After that examination had been completed, a demand for additional compensation benefits was made on defendant without avail, and this suit was instituted.
Dr. Morris examined plaintiff on July 11, 1966, and on January 10, 1967. As a result of both of these examinations he concluded that in repairing the hernia the external inguinal ring had been closed too tightly, that scar tissue had formed in the external ring, and that the cord structures had become fixed to or had been incarcerated in this ring. He stated that he found swollen and torturous veins between the testicle and the external ring, that this condition causes plaintiff to suffer substantial pain if and when he undertakes to perform heavy labor, and that plaintiff thus is disabled from performing such duties as changing truck tires, tightening the lugs on truck wheels or doing a great amount of walking. He feels that plaintiff is able to perform some of the lighter duties required of a service station attendant, such as filling automobiles with gas and oil, cleaning windshields, mowing the grass around the station with a power mower, or even putting a new tire on an automobile, but that he cannot perform the heavier duties required of such an employee. In Dr. Morris’ opinion, additional surgery would be required to relieve plaintiff of this pain and to remove his present disability.
Dr. Clifton, the treating physician, testified that he performed surgery for the repair of plaintiff’s hernia on January 25, that a good result was obtained from the surgery, and that he discharged plaintiff as being able to return to work on March 10, 1966. He stated that in his opinion the outer inguinal ring was not too tight when plaintiff was discharged, that the cord structure was not fixed or incarcerated to the ring in such manner as to' cause plaintiff to suffer any pain, that plaintiff was not incapacitated in any way and that he was able to return to his full employment on the day he was discharged.
*180 In view of plaintiff’s continued complaints, Dr. Clifton examined plaintiff again on August 6, 1966. He testified that Vidrine’s chief complaint at that time was not from pain in his left side, but was from the fact that his left testicle was hanging too low and that he “ached in the vein.” Dr. Clifton found that “the hernia repair was holding up very well,” that the inguinal ring was not too tight, that there was no undue scar formation, that there was no swelling of any of the veins in that area, and that there was no evidence of recurrence of the hernia. He testified that the left testicle normally tended to hang lower than the right, and he attached no significance to the fact that this had occurred in plaintiff’s case. With reference to plaintiff’s ability to perform hard manual labor, the doctor said, “He wasn’t disabled the day I discharged him or the day I examined him. That I ca;n tell you with certainty.”
Plaintiff also was examined by Dr. Leonard Knapp, a physician and surgeon, on August 6, 1966. Dr. Knapp concluded “that this man had had a satisfactory repair of his inguinal hernia,” and that he “could not account for his continued complaints.” With reference to the external ring closure, the doctor testified that “it was a normal ordinary closure after surgery,” that there were no enlarged or swollen veins and that there was nothing abnormal about the cord structure. In his opinion plaintiff was not disabled from performing any type of work, and he stated, “I think this man could do as much straining as any ordinary man.”
In weighing medical opinions the established rule is that the testimony of an attending physician ordinarily should be accorded more weight than that of a physician who has made an examination for purposes other than for treatment. Morris v. Supreme Bedding & Furniture Mfg. Co., 126 So.2d 412 (La.App. 2d Cir.1961); Harrell v. Southern Pulpwood Insurance Company, 155 So.2d 281 (La.App. 3d Cir.1963); Matherne v. Wheless Drilling Company, 174 So.2d 921 (La.App. 4th Cir.1965); Johnson v. R. P. Farnsworth and Company, 186 So.2d 405 (La.App. 1st Cir.1966).
The trial judge held, and we agree, that “the preponderance of the medical expert opinion is contrary to plaintiff’s claims of disability.” Since there is a conflict in the opinions expressed by some of the medical experts, however, the trial judge properly considered the lay evidence in resolving the question of whether plaintiff has been disabled since March 10, 1966. Blanchard v. Travelers Insurance Company, 121 So.2d 515 (La.App. 1st Cir.1960); Hall v. Liberty Mutual Insurance Company, 153 So.2d 553 (La.App. 1st Cir.1963).
Plaintiff’s wife and two of his fellow employees at the College Esso Station testified that plaintiff complains frequently of a pain in his side and that he takes aspirin daily to relieve this pain. Another witness, A. J. Dugas, who worked with plaintiff for six or seven weeks after the accident at the Spur Service Station, testified that during that time plaintiff never complained to him of having a pain in his side and plaintiff never indicated that he was disabled in any way. In explaining why plaintiff left his employment at the Spur Service Station, this witness testified, “He went to drinking and he couldn’t handle the job no more. He stayed drunk a week and he left it all to me. You see, I had to pull both shifts for about a week.”
Plaintiff sustained a head injury during World Wat II, and he has been classified as being 40 percent disabled by the Veterans Administration because of that injury. Plaintiff’s wife testified that as a result of that head injury, “sometimes he got a headache,” and that he takes aspirin for the headache “once in a while.”
After considering the expert medical testimony and the lay evidence, the trial judge concluded “that the evidence here fails to show that the plaintiff has been disabled, within the meaning of the workmen’s compensation law, at any time after *181 the discontinuance of compensation benefits on March 10, 1966, and accordingly, his claim for additional benefits will be denied.” We concur in that conclusion. In our opinion the lay evidence is not sufficient to overcome the preponderance of the medical testimony to the effect that plaintiff had fully recovered from his injury by the time defendant discontinued making compensation payments to him.
We think the proof in the instant suit fails to establish that there is any causal relationship between plaintiff’s present complaints of'- pain and the injury which he sustained on January 21, 1966. Assuming, however, that he does suffer pain after performing heavy lifting or strenuous work and that the pain does result from a work-connected accident, then the question is presented of whether that pain is substantial enough to be disabling, within the meaning of the workmen’s compensation act.
In Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962), our Supreme Court said:
“ * * * The pain must be substantial enough to be disabling in that it either prevents the worker from carrying out some of the functions of his job or, where the pain is not so intense as to hinder the worker’s fulfillment of his duties, it must be shown that performance of the work would be deleterious to his health. This would be the case where going back to work was possible but doing the work might retard the worker in regaining complete recovery of his health.”
In the instant suit, assuming that plaintiff’s present complaints are related to the work connected accident, the evidence fails to show that the pain which he has suffered since March 10, 1966, has been substantial enough to be disabling in that it either has prevented plaintiff from carrying out some of the functions of his job or that the performance of the work would have been deleterious to his health. Under those circumstances plaintiff is not entitled to recover workmen’s compensation benefits from and after that date. See Flowers v. E. M. Toussel Oil Co., 190 So.2d 147 (La.App. 4th Cir.1966); Moreau v. Employers Liability Assurance Corp., 180 So.2d 835 (La.App. 3d Cir.1965); Beaugez v. Liberty Mutual Insurance Co., 173 So.2d 869 (La.App. 4th Cir.1965).
For the reasons herein set out the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.