TATE, Judge.
The claimant Clark sues his employer’s insurer for workmen’s compensation benefits. He appeals from the dismissal of his claim of residual disability.
*172 Clark sustained a back injury on June 11, 1965. He was paid all medical expenses and workmen’s compensation through November 13, 1967, when he was discharged by his attending neurosurgeon as no longer disabled. The substantial issue is whether he has proved residual total disability beyond that date.
Although initially the diagnosis was disputed, Clark did sustain a ruptured inter-vertebral disc as a result of his work-accident. The ruptured disc was surgically removed on January 3, 1967. He continued under treatment by the operating neurosurgeon, as well as by his local general practitioner.
The neurosurgeon discharged Clark as able to return to manual labor on September 5, 1967. The specialist found that Clark still suffered a permanent 15% disability of the body as a whole as a result of residual subjective complaints of soreness and pain, but he felt that Clark could perform all duties of his employment without significant disabling pain as of that date. (However, the doctor also stated that at least fifteen per cent of disc-surgeries did not remove disability due to scar tissues or more serious residual pain, cf., Mitchell v. Travelers Insurance Co., La. App. 3d Cir., 136 So.2d 143.)
The claimant Clark relies on the testimony of his attending physician, who had treated and examined him continuously since the 1965 accident right up through the trial in 1968. Based upon his own continuous observation of the claimant, this physician felt that Clark’s residual disability was at least 50% of the back. The doctor was firmly of the opinion that due to this residual pain Clark could not perform manual labor. This attending medical expert did admit that there were no longer objective symptoms; nevertheless, on the basis of his own evaluation, he felt that the claimant fell within the percentage of those who continue to suffer disabling subjective pain following disc surgery.
The claimant himself testified to continued residual pain in the leg and hip extending to the back. He stated he had attempted to do work on several occasions but was unable to persist due to the recurrence of complaints. The trial court refused to consider other lay testimony from members of his family and neighbors to corroborate his history and continued complaints.
The claimant’s attorney strongly and persuasively contends: The existence of the disabling pain, medically possible as a residual of the trauma and the subsequent surgery, is preponderantly proved by the testimony of the attending general practitioner and of lay witnesses such as the claimant. The attending local doctor saw the claimant constantly over an extended period of time; he thus was in a far better position to evaluate the residual than was the specialist, who treated and observed the patient at far less frequent intervals. Therefore, it is argued, the trial court erred in accepting the specialist’s evaluation of only 15'% non-disabling residual disability over the local doctor’s considered opinion of fully disabling disability.
We cannot accept the appellant’s argument that the fact-trier must always accept the opinion as to residual disability of a treating physician over that of a specialist with less opportunity to examine and evaluate a patient’s sincerity.
For such reasons, the trial judge indeed may, in evaluating medical testimony, accept the attending general practitioner’s testimony over a specialist’s. Treadway v. State Farm Ins. Co., La.App. 4 Cir., 204 So.2d 609. However, no such arbitrary rule fetters his decisional responsibility to resolve factual disputes by determining the preponderance of the evidence. Thomas v. Hartford Accident and Indemnity Co., La.App. 3d Cir., 162 So.2d 391. Likewise, no arbitrary rule prevents the trial court from considering lay testimony preponderantly proving a medically potential residual of pain, despite the subjective opinion of *173 medical witnesses to the contrary, based upon their own evaluation of the patient’s credibility. Bourque v. Monte Christo Drilling Corp., La.App. 3d Cir., 221 So.2d 604 (decided April 8, 1969); Vidrine v. American Employers Insurance Co., La. App. 3d Cir., 129 So.2d 288, certiorari denied. Cf. also Lee v. Royal Indemnity Co., La.App. 1st Cir., 149 So.2d 606, 609.
As stated in Crenshaw v. Firemen’s Fund Indemnity Co., La.App. 2d Cir., 119 So.2d 663, 667: “The duty of the court is to arrive at the actual truth of the questions involved, whether the disputed fact is sought to be proved by medical or lay testimony. In either case, the same rules apply as to the weight to be accorded the testimony. This weight is to be determined in the light of the witnesses’ opportunity for observation, their knowledge and experience, their credibility, and the probability or improbability of their statements and opinions.”
With regard to the case before us, the substantial issue is whether the residual discomfort of the claimant was substantial enough to be disabling. The trial court, which had the opportunity to evaluate in person the claimant’s credibility, as well as to consider the medical evidence with its varying estimates as to the degree of 'discomfort, resolved this dispute against the claimant’s contentions of substantial residual.
We find no manifest error in such holding. As Justice Barham stated when on the Second Circuit: “The conclusion as to whether or not the plaintiff suffered a total disability at the time of trial is a factual determination. Both expert testimony and lay testimony may be relied upon by the Court in determining this question. The trial court is in the best position to make a judgment in this regard.” Giddings v. Coal Operators Casualty Co., La. App. 2d Cir., 205 So.2d 189, 191.
We shall not disturb the trial court’s apparent factual finding, Tr. 146-47, that the claimant’s residual was a fifteen per cent medical disability of the body as a whole due to back limitation or discomfort which did not substantially inhibit him from performing the duties of his employment. Thus, the claimant at most is entitled to recover some percentage of 65% of his wages, not to exceed $35 per week, for one hundred weeks, for the permanent loss or impairment of a physical function. LSA-R.S. 23:1221(4) (p); Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138. Coffey v. Transport Insurance Co., La.App. 4th Cir., 138 So.2d 158; Griffin v. Liberty Mutual Insurance Co., La. App. 2d Cir., 131 So.2d 153. See also Malone, Louisiana Workmen’s Compensation (1951).
We do not find it necessary to consider whether the claimant may be entitled to recover up to $35 per week for one hundred weeks for permanent impairment of a physical function.
In any event, any compensation allowable for specific losses such as this must be reduced by payments for temporary or permanent total or partial disability. LSA-R.S. 23:1223. See, e. g., Ball v. American Marine Corporation, La.App. 4th Cir., 150 So.2d 865 and Francois v. Circle Drilling Co., La.App. 1st Cir., 112 So.2d 771. Here, however, the claimant has been paid compensation benefits for total disability for some 128 weeks, for a total of $4,470. This exceeds the maximum amount of $3,500 allowable for the plaintiff’s specific loss.
The credits for disability payments exceed the maximum award possible for specific loss of a function. Therefore, the claim for residual compensation benefits must be dismissed without recovery.
We therefore affirm the District Court’s dismissal of this suit for further compensation benefits, at the cost of the plaintiff-appellant.
Affirmed.