LeSUEUR, Judge.
Louis H. Summerlin, Jr., Connie Sum-merlin and Judy Summerlin were injured in a collision on November 3, 1963. Suit was filed by Louis, Jr., and by Louis, Sr., the father of the Summerlin children, who appeared both individually and on behalf of Judy and Connie who were minors at the time.
During the seven years in which the case was pending, Judy reached majority and was substituted by stipulation as a plaintiff in her own right.
*629 Liability was admitted and the case tried solely on the issue of damages. The defendant has appealed seeking a reduction in each case of the amount awarded.

JUDY SUMMERLIN

Judy received $3,310.00 representing $100.00 in lost income, $210.00 for dental costs and $3,000.00 in general damages. The evidence is clear that, in addition to the shock of the collision and a deep contusion to the left arm, Judy suffered three (3) permanent fractures, one extending across each of three front teeth. The cracks are noticeable to the naked eye and create a cosmetic defect, a source of some embarrassment to her. Further, the teeth have been weakened and she must face the possibility of further cracking or even breakage. We see no manifest error in the award, especially in view of the cosmetic defect as observed by the trial judge. Pupillo v. Eakin, La.App., 147 So.2d 445 (2nd Cir. 1962).
MR. SUMMERLIN, SR.
Mr. Summerlin, Sr. received awards in the amount of $101.00 individually (medical costs for his daughters) and $4,115.00 on behalf of Connie. This last award is composed of compensation for two future operations in the amount of $1,515.00, and general damages in the amount of $2,600.00. Each of these awards is rooted in a bulging, protruding nasal passage obstruction. The protrusion has produced both cosmetic and functional defects and can be corrected only by multiple surgery.
The defendant has placed the causality of this condition at issue. The record will not support the argument. Dr. Delgado, the only expert to testify on the question, testified without equivocation that “the nasal and nasal septum deformities described above are the results of trauma to the central face sustained in the auto accident of November 3, 1963.”
We see no manifest error neither in the finding of causality nor in the size of the award.

LOUIS SUMMERLIN, JR.

Louis, Jr. received $3,168.00, $2,-600.00 of which are for pain and suffering. The balance represents such special damages as medical expenses, automobile damage, inconvenience for loss of vehicle use and the costs of substitute transportation while deprived of the use of his vehicle.
The trial court found as a matter of fact that Louis, Jr. was reasonably deprived of the use of his vehicle for six to seven weeks. The loss forced him to commute from Slidell where he resided to New Orleans where he worked and to miss recreational trips over the Christmas holidays in 1963. On work days, it was necessary for him to arise at 2:00 a. m. to meet the scheduled bus departures which would get him to work at 6:00 a. m., his reporting time.
So long as the period of vehicle loss is not abused, such inconvenience, as well as the costs of substitute transportation are compensable. See Julian v. Ralph, et al., La.App., 206 So.2d 121 (4th Cir. 1968).
In the collision itself, Louis, Jr. sustained bruises to his leg and chest and was exposed to the shock of impact. He also received a larceration to the chin which resulted in a scar. The scar, however, is not substantially disfiguring.
The major issue concerning his damages was dental and concerned a malocclusion or overbite. Although the overbite creates both functional and aesthetic difficulties, it is conceded that it was a congenital condition which predated and bore no causal relationship to the accident.
Louis, Jr.’s testimony is that the condition became symptomatic only after the accident. The nature of the symptoms bears discussion.
*630 There is no testimony, either lay or medical, that the condition was functionally or aesthetically worse after the accident. The only contention made is that after the collision, Louis began to notice a “popping” in his jaw while chewing certain foods. The “popping” was not painful, played no part in the treatment recommended which would have been equally necessary and equally extensive had neither the collision nor the “popping” occurred. Dr. King, moreover, clearly regarded the “popping” as insignificant. Under these circumstances, we find that the record will not support the award rendered for pain and suffering which will be reduced to $750.00. See Reeder v. Allstate Ins. Co., La.App., 235 So.2d 111 (4th Cir. 1970).
DECREE
The judgment of the trial court is hereby modified so as to reduce the award for pain and suffering rendered in favor of Louis H. Summerlin and against the defendant to $750.00. In all other aspects, the judgment is affirmed. Costs of this appeal are to be borne by defendant-appellant.
Modified, and as modified, affirmed.