DOMENGEAUX, Judge.
This is a tort suit instituted by plaintiff-appellee Joseph Malone against John Harold Yager and his public liability insurance carrier, Agricultural Worker’s Mutual Automobile Insurance Company, as a result of an automobile accident which occurred at about noon on July 12, 1971, in the city of Opelousas, Louisiana. Defendant Ya-ger, while driving his insured 1968 Mercury automobile, ran a red light and struck plaintiff’s 1969 Chevrolet automobile, thereby causing the latter to be pushed into a third vehicle, and ultimately involving a fourth vehicle. Plaintiff, who was driving his vehicle, was injured.
At trial, liability was not seriously contested. The District Judge held in favor of plaintiff and against both defendants in solido in the amount of $7,819.64 which was broken down as follows: Mental and physical pain and suffering — $5,000.00; medical bill of Dr. A. E. Williams, plaintiff’s treating physician- — $625.00; medical bill of Dr. Ladislas Lazaro, III, the orthopedist who examined plaintiff twice — • $95.00; drug bill — $195.14; laboratory fees — $85.00; total loss of automobile— $1,800.00; car storage — $7.00; and wrecker service — $12.50.
From said judgment defendants have appealed to this court. Plaintiff has neither appealed nor answered the appeal.
The only question before us is the reasonableness of the $5,000.00 award for mental and physical pain and suffering.
Plaintiff was at the time of the accident in his early or middle fifties and was employed as a janitor by the St. Landry Parish School Board at the Opelousas Junior High School. Although the evidence is scanty as to the forcefulness of the impact with which plaintiff’s vehicle was struck by the defendant vehicle, we do know that ultimately two additional vehicles were struck in sequence aiid that plaintiff’s vehicle suffered a total loss.
At trial plaintiff testified as to the effects of the trauma, his immediate reaction of being upset and nervous, and of the generalized pains in his hands, neck, and back which commenced shortly after the accident. In addition, he spoke of dizziness and headaches which persisted for a .few weeks, as well as neck and back pains *605 which continued for some ten months to a year after the accident.
Plaintiff’s treating physician, Dr. A. E. Williams, a general practitioner and surgeon, examined plaintiff shortly after the accident on July 12, 1971. From his examination the doctor found sensitivity in the neck and low back area, with a lesser degree in the thoracic area. In addition, he found muscle spasm in the neck and low back area. X-rays were also taken which indicated significant signs of arthritis, more or less consistent with plaintiff’s age. As a result of his findings, Dr. Williams prescribed ultra sound treatment, muscle relaxants, pain preparations, and analgesics. Malone was examined and treated weekly through November 29, 1971, which treatment included eight injections at varying intervals during that time, and ultra sound treatment applied daily Mondays through Fridays during the same period. Doctor Williams further testified that the aforementioned muscle spasm lasted a month or so, but that the pain symptoms persisted at least until he discharged plaintiff on November 29th. At that time, the doctor stated he was not able to help Malone any further; however, he was not sure that all of plaintiff’s accident oriented problems had ceased. A close perusal of Doctor Williams’ testimony indicates to this court that plaintiff’s temporary neck and back problems were caused by the accident and that some of the problems complained of were due to an aggravation of plaintiff’s pre-existing osteoarthritis.
During the aforementioned four and one-half months of treatment Doctor Williams referred plaintiff to Doctor Ladislas Lazaro, III, an orthopedic specialist for consultation. Doctor Lazaro saw plaintiff twice, once in September and then again in October, 1971. X-rays were taken in the first instance showing degenerative disc disease at C-6, C-7, and L-5 S-l. In addition the doctor found upon examination minimal tenderness in the cervical and lumbosacral area, however, with no muscle spasm indicated. Doctor Lazaro concluded that plaintiff’s difficulty was caused by the changes of his pre-existent arthritic condition.
The record shows that although plaintiff did not miss any significant amount of work, he used his son and stepson, with the permission of his employer, to do the heavy janitorial work of mopping, waxing, buffing, cutting grass, and painting through November, 1971. During that period, plaintiff more or less oversaw their work. After that time plaintiff began to gradually perform more of his work, although still aided by his children.
It is evident that the trial judge relied more heavily on the testimony of Doctor Williams than on that of Doctor Lazaro. We cannot say that he erred in that regard. In the case of Theriot v. Transit Casualty Company, 265 So.2d 845 (La. App. 3rd Cir. 1972); writ denied, 263 La. 106, 267 So.2d 211, we referred to the discretionary power possessed by the” trier of fact in his assessment of the weight to be given the testimony of general practitioners, vis-a-vis specialists, under certain circumstances, and quoted as follows from Gates v. Ashy Construction Company, 171 So.2d 742 (La.App. 3rd Cir. 1965), writ refused 247 La. 678, 173 So.2d 542:
“ . . . But we find no error in the trial court’s having accepted instead the testimony of the attending general practitioner, because of the latter’s much greater opportunities for observation over his extended period of treatment of the plaintiff, as compared with those of the specialists who saw the plaintiff briefly and chiefly for the purpose of forensic examination . . . ”
See also Touchet v. Fidelity & Casualty Company of New York, 264 So.2d 752 (La.App. 3rd Cir. 1972); Clark v. Maryland Casualty Company, 223 So.2d 171 (La.App. 3rd Cir. 1969); Moulard v. Massman Construction Company, 209 So.2d 742 (La.App. 3rd Cir. 1968); Treadway v. State Farm Insurance Company, 204 So.2d 609 (La.App. 4th Cir. 1967); Johnson v. R. P. *606 Farnsworth and Company, 186 So.2d 405 (La.App. 1st Cir. 1966); Rusk v. Allstate Insurance Company, 167 So.2d 205 (La. App. 3rd Cir. 1964); and Murphy v. American General Insurance Company, 122 So.2d 100 (La.App. 2nd Cir. 1960).
Appellant suggests that the amount of $5,000.00 awarded plaintiff for mental and physical pain and suffering experienced as a result of the injury is grossly excessive.
Recently the Supreme Court in Boutte v. Hargrove, 290 So.2d 319 (La. 1974) again reiterated the jurisprudence emanating from C.C. Art. 1934(3), i. e. Gaspard, Ballard, Lomenick, and Miller v. Thomas.[1] In Boutte, plaintiff was awarded $6,000.00 in compensatory damages by a district court jury, which was reduced to $4,026.20 by the appellate court. The Supreme Court in reinstating the jury award said :
“Adequacy or inadequacy of an award should be determined by the facts and circumstances peculiar to the case under consideration. Additionally, the jury or trial judge has the advantage of seeing the witnesses and hearing and evaluating the testimony given at trial. Also, the fixing of an award for pain and suffering cannot be calculated with any mathematical precision. From a review of the record, we conclude that there was no abuse of the ‘much discretion’ vested in the jury when it awarded plaintiff $6,000.00 in compensatory damages. Moreover, we have considered the cases cited by defendants to support their contention that the jury award in this case was excessive and conclude that the jury did not abuse or exceed its discretion herein. Hence, the Court of Appeal erred in reducing the award for compensatory damages.” (290 So.2d at 321— 322)
Defendants-appellants have cited two cases to support their contention that the District Court award in this case is excessive, namely Summerlin v. Hardware Mutual Casualty Co., 244 So.2d 628 (La.App. 4th Cir. 1971), and Ryan v. Rawls, 260 So.2d 137 (La.App. 2nd Cir. 1972). Plaintiff on the other hand has cited three cases to support his contention that the award herein is not to be categorized as one resulting from an abuse of discretion. These cases are Gouner v. Wulff, 174 So.2d 829 (La. App. 1st Cir. 1965); Sittig v. Southern Farm Bureau Casualty Ins. Co., 198 So.2d 514 (La.App. 3rd Cir. 1967); and Hebert v. Travelers Insurance Co., 245 So.2d 563 (La.App. 3rd Cir. 1971). Although all cases cited by both sides varied in the degree of seriousness and length of disability suffered by the plaintiffs therein, they are all properly reviewable as guides in determining whether or not the trial judge herein abused his “much discretion” in making the award sought to be reduced by appellants. The awards made in the five cases cited were respectively: $750.00, $1,500.00, $5,000.00, $3,000.00, and $5,000.00. We have considered all cases and conclude that the injuries received by the plaintiffs in the Gouner, Sittig and Hebert cases are more readily apposite and compatible with the injuries received by the plaintiff herein. Even assuming, arguendo, that the award herein may be classified as bordering on the upper limits of the trial judge’s discretion, we cannot say that it is so excessive as to warrant our interference.
Such being the case we opine that the trial judge did not abuse or exceed his discretion.
For the above and foregoing reasons the judgment of the District Court is affirmed at defendants-appellants’ costs in both courts.
Affirmed.

. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).