REID, Judge.
This is a suit for workman’s compensation benefits based upon an alleged traumatic neurosis as a result of an injury sustained by plaintiff during the course and scope of his employment with Ross E. Cox on December 2, 1960. The plaintiff alleged he is suffering total permanent disability; the defendant denies plaintiff suffered permanent injury and alleges plaintiff is guilty of malingering. Compensation benefits at the rate of $35.00 per week from December 1, 1960 to March 1, 1961 were paid to plaintiff. The sole issue herein is the continuing disability, if any, of the plaintiff after March 1, 1961.
After trial on the merits the Lower Court ■rendered judgment in favor of plaintiff •against defendants awarding compensation .-at the rate of $35.00 per week beginning December 1, 1960 and continuing through December 5, 1961, subject to credit of $445.00 paid by the employer and insurer; additionally awarding plaintiff 12% penalty on each installment due up to May 5, 1961; attorney’s fees of $150.00; medical expenses of $205.00, and legal interest on each installment due from date of judgment until paid, as well as ordering the cost of medical depositions be taxed against the defendants.
Both plaintiff Isaac Thomas and defendants Ross E. Cox and The American Insurance Company have appealed from this judgment. The plaintiff Thomas seeks to have the judgment amended to award him total permanent disability, and the defendants seeks to have the judgment reversed and judgment rendered in their favor.
Plaintiff is a 26 year old colored male who was employed as a laborer at the time of the accident. He was in a ditch when the sides caved in on him. The dirt covered his entire body, but his coworkers removed the dirt from around his nose so that he could breathe. He was then dug out and taken to a hospital and placed under the care of Dr. Luke Marcello. Dr. Marcello was the plaintiff’s personal family doctor for a number of years prior to this accident and is the Parish Coroner. He sent a written report to the insurer dated March 1, 1961 advising all examinations were negative and in his opinion the plaintiff could return to work on March 2, 1960 without any further symptoms or complications. Subsequently, the plaintiff went to numerous other physicians for evaluations. No objective symptoms of injury were found by these doctors. In fact, two of the doctors the plaintiff consulted for treatment stated in their reports the plaintiff was exaggerating or imagining his symptoms.
The burden of proof in this, as in other workmen’s compensation cases, is upon the plaintiff to prove his claim by a preponderance of the evidence. Charleston v. American Insurance Company, La.App., 136 So.2d 495; Brown v. Ceco Steel Products Corporation, La.App., 136 So.2d 161; Mouton v. Travelers Insurance Company, La.App., 135 So.2d 287; and Phillips v. Underwriters at Lloyd’s of London, La.App., 128 So.2d 318.
*920 Any claim based on traumatic neurosis must be substantiated by competent psychiatric opinion. Usually psychiatrists base their diagnosis upon a history which is related to them by the patient. Since there is no known method to positively probe into the mind of man for his true feeling, thoughts, etc. there is an ever present danger that symptoms will be feigned, concocted and otherwise dreamed up in order to obtain a recovery judgment. On the other hand, there is a danger of denying recovery to a claimant who is actually disabled and deserving. Miller v. United States Fidelity & Guaranty Co., La.App., 99 So.2d 511. In view of the lack of objective symptoms the credibility of this plaintiff, as well as any other plaintiff under similar circumstances, must be carefully considered. Washington v. Quality Construction Co., La.App., 124 So.2d 151. The question of credibility of any witness is for the Court to determine. In such cases as this it is assisted by the opinion of psychiatrists, but not bound thereby. Corral v. Crawford Homes, Inc., La.App., 113 So.2d 820. In numerous cases our Courts have denied recovery in traumatic neurosis cases even though the testimony of the psychiatrists on behalf of the plaintiff was uncontradict-ed. Corral v. Crawford Homes, Inc., supra; Etienne v. Algernon Blair, Inc., La.App., 100 So.2d 533, and Mouton v. Gulf States Utilities Company, La.App., 69 So.2d 147. From these cases it is clear where there is serious question as to the credibility of the plaintiff in a traumatic neurosis case, the Courts will deny his claim where he has failed to carry the burden of proof.
The credibility of this plaintiff, Isaac Thomas, was attacked in the Lower Court and in our opinion his testimony as well as his statements to the psychiatrists are not worthy of belief.
This is the third workman’s compensation claim filed by him. His second claim arose from a back injury on July 3, 1958 and he alleged a traumatic neurosis which made him totally and permanently disabled to work. In the present suit the plaintiff uses almost the same symptoms he used in the 1958 claim. The plaintiff under oath in this proceeding, admitted his own lies,, fraudulent conduct and malingering in connection with the 1958 accident. The following testimony of Isaac Thomas is in the record:
“Q: And you told me that your lawyer had told you what to say when you went to each of the doctors, didn’t you?
“A: Yes sir.
“Q: Now, Isaac, you knew that by lying and falsifying your symptoms you would get some money, didn’t you?
“A: In some symptoms I did and in some it didn’t make much difference whether I did or not, but he was my attorney, and that’s the reason.
"Q: Because he told you to lie, you lied?
“A: Yes sir, that’s the reason.
“Q: That’s the reason. Didn’t you tell me you knew you would get money by doing that, Isaac ?
“A: I knew if it come through I would have.
“Q: You knew if it come through, you knew if the doctor wrote the right kind of report you would, didn’t you ?
“A: Yes sir.”
The record of the 1958 compensation claim discloses that Isaac Thomas collected $2175.00 by Court approved compromise signed January 12, 1959. By his own admission he has no hesitancy in lying whenever he feels it will benefit him. This is an appropriate case in which to apply the maxim “falsus in uno, falsus in omnibus.” Linzay v. Linzay, 51 La.Ann. 630, 25 So. 308; Barnes v. Texas & New Orleans R. Co., La.App., 16 So.2d 600. In addition to the *921 above excerpt from the transcript some inconsistencies in plaintiff’s testimony are as follows:
(1) He admitted that he did not tell any of the examining physicians of any of his previous claims, accidents and illnesses. One of Thomas’ psychiatrists, Dr. Feighley, testified he questioned Thomas about previous accidents and Thomas replied that he had never been injured.
(2) Thomas related to three of his psychiatrists that he had been unconscious for one week after the accident but his personal physician testified he was not unconscious when he was taken into the emergency room immediately after the accident. Also the hospital records indicate Thomas ate meals on the day after the accident.
(3) Thomas testified it took approximately hours to get him out of the ditch when the other witnesses testified it took 30 to 35 minutes.
(4) Dr. Texada testified Thomas denied having any frightening dreams, hallucinations, etc., but Dr. Feighley and Dr. Oliver testified Thomas told them he experienced such things.
It is therefore absolutely clear that the testimony of the plaintiff is unworthy of belief.
The medical testimony in this case is conflicting. Two psychiatrists testified the plaintiff is suffering from traumatic neurosis while the third testified nothing is wrong with the plaintiff. The record is devoid of any lay testimony pertaining to plaintiff’s •disability.
For the foregoing reasons the judgment ■of the Trial Court granting the plaintiff ■compensation from March 2, 1961 through December 5, 1961 is reversed and judgment is entered herein in favor of the defendants, rejecting plaintiff’s demands at his ■cost.
Reversed and rendered.