CHASEZ, Judge.
Plaintiff, an employee of Falstaff Brewing Corporation, instituted this action against Falstaff’s insurer on November 22, 1963, to recover maximum compensation benefits for an alleged disability caused by an accident he sustained on May 3, 1963. From a judgment rejecting his demands, plaintiff appeals.
The record reveals that plaintiff was injured on May 3, 1963, when he slipped and fell on the floor of the area known as the bottle shop in the Falstaff Brewery, while carrying a pasteurizer clock weighing approximately 25 to 30 pounds. He sustained injuries to his back, arm, wrist and elbow. The initial injuries are not disputed. Plaintiff received medical aid until July 15, 1963, when he was discharged by the attending physician as able to return to work. Plaintiff did promptly return to work and, up to the time of trial, i. e., October 26, 1964, was doing the same work he performed before the accident at the same pay. Plaintiff was paid disability benefits during the period of time he was not on the job.
Plaintiff now contends that he is suffering from a traumatic anxiety neurosis caused by the accident, which renders him totally and permanently disabled within the meaning of the Compensation Act. More specifically, plaintiff contends that he has pain in his wrist. Subsequent to his return to work, he was examined by Doctors Grun-sten and Soboloff, who found no objective signs of injury or disability. Dr. Unkauf also examined plaintiff but did not testify a.t the trial. Plaintiff was then seen by Dr. Charles R. Smith, a psychiatrist, who testified at the trial on the merits. Dr. Smith testified that it was his opinion that plaintiff was suffering from traumatic anxiety neurosis. His testimony was predicated on information given to him by plaintiff and plaintiff’s wife. He felt that plaintiff’s complaints of pain in his wrist were quite genuine to him as if they were physical in origin. He stated that plaintiff quite often had attempted to treat his depressed condition with beer which, of course, made his condition worse. In short, the doctor’s testimony was that the plaintiff had a form of traumatic neurosis which made real the pain which he thought he felt in his wrist and along with this alleged pain the plaintiff became very nervous, irritable and hard to get along with. These conclusions were formed from the plaintiff’s narration and conferences with plaintiff’s wife. On cross-examination, Dr. Smith stated that he was convinced that plaintiff had a traumatic anxiety neurosis and that while he was not entirely convinced that this neurosis was caused by the accident at the Falstaff Brewery, the accident may have been a causative factor because from the information he had, plaintiff did not have any of the problems, such as pain in the wrist and nervousness prior to the injury. The doctor bases his opinion on information given by the plaintiff and his wife that he did not have the symptoms before the accident and he did have the symptoms after the accident; this was the major factor in his reaching such conclusion. It was pointed out on cross-examination that the plaintiff had a previous injury to his arm which he did not relate to the doctor, and that the plaintiff had previously been admitted to Oschner Hospital and Baptist Hospital for the treatment of alcoholic gastritis and ulcers. Dr. Smith did not have the records of these prior treatments in making his diagnosis. He stated that these would have been helpful to him. He also stated that he had not seen any swelling of the wrist except on one occasion, and this seemed to- be re *871 lated to plaintiff holding his hand in a fixed position for a prolonged period of time. Even though the doctor did not have the above information, which was presented to him on cross-examination, he was still of the opinion that the plaintiff was suffering from traumatic anxiety neurosis and that the Falstaff accident was a factor causing him to suffer.
Herbert C. Kreppein, a fellow-worker, testified that plaintiff was a good, conscientious worker before the accident. He testified that he had not seen him much since the accident. He stated that plaintiff is having a harder time doing his work and that he had seen his hand swollen several times since the accident. His testimony was very general, and apparently it is completely based on the fact that he had seen plaintiff with a swollen hand.
Roland Walters, a fellow-employee, also testified. He testified that he had seen plaintiff’s hand swollen but did not work in the same area with plaintiff so did not know if plaintiff was having difficulty in his work. This witness observed the plaintiff’s hand at the trial, in the presence of the judge, and stated that it was swollen then, although it had been swollen to a greater extent on several prior occasions.
Five other lay witnesses testified that plaintiff’s personality has changed greatly since the date of the accident. They testified that plaintiff was a jovial fellow before the accident; however, subsequent to the accident he has been rude, ugly and generally disagreeable with his friends and family. Several testified that plaintiff had lost his interest in fishing and bowling since the accident. One testified that he h^d to help plaintiff do various chores because of soreness of plaintiff’s wrist.
Mrs. Beaugez testified that plaintiff has been very irritable since the accident. She stated that his hand would swell after doing manual labor; she also stated that plaintiff would not do any work around the house since the accident.
Plaintiff stated that he was doing the same job at the time of trial as he was before the accident, although not as well. He stated that he had trouble lifting heavy objects and developed pain in his wrist shortly after doing so.
Plaintiff contends that the sole issue on this appeal is whether he is suffering from a traumatic anxiety neurosis. This, of course, is an issue of fact and this court must feel that the trial court was manifestly erroneous in order to reverse its decision. In this case we do not think that the holding of the trial court was manifestly erroneous. While the testimony of Dr. Smith was to the effect that plaintiff was suffering from a traumatic anxiety neurosis, he was not, however, entirely sure that the Falstaff accident caused the neurosis. It was further pointed out on cross-examination that plaintiff’s history was quite inadequate and plaintiff had failed to mention to Dr. Smith prior injuries and troubles which he had before the accident. The testimony of the lay witnesses in this case merely point out the fact that plaintiff has become a disagreeable person. Some of them testified that plaintiff’s wrist was swollen at the day of trial and the trial judge observed the wrist. They were of no particular help to the plaintiff in proof of his case for all of the testimony was vague and did not pertain to his work. On the other hand, two of plaintiff’s supervisors testified that he had been performing the same duties he had performed before the accident since his return to work. Plaintiff, likewise, testified that he was performing the same duties.
Assuming, however, arguendo, that plaintiff does actually feel pain in his wrist and is working in pain at this time, we do not think that the pain he is suffering entitles him to any amount of disability. In Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962), the Supreme Court stated:
“ * * * So it is said that plaintiff is disabled as a consequence of the dis *872 comfort he must bear, should he resume the occupation of truck driver, for the law will not deprive an injured person of compensation when, although he is physically able to perform his tasks, to do so means he must suffer substantial pain and discomfort.
"It would be illogical, however, to treat this doctrine as encompassing all degrees of discomfort and make a complete or ‘good-as-new’ recovery essential before an employer may stop compensation payments. The pain must be substantial enough to be disabling in that it either prevents the worker from carrying out some of the functions of his job or, where the pain is not soi intense as to hinder the worker’s fulfillment of his duties, it must be shown that performance of the work would be deleterious to his health. This would be the case where going back to work was possible but doing the work might retard the worker in regaining complete recovery of his health.” (Emphasis ours)
From the above language, it is clear that where the complaints of pain are not sufficiently severe to disable the worker from carrying out some of the functions required of him or is not sufficiently severe so as to be deleterious to his health, recovery is denied under the working-in-pain rule. In this case plaintiff has been working for approximately a year since the accident at his normal job. He is working quite well and if he has pain it is not severe enough to prevent him from carrying out any of his normal job duties and, therefore, we consider that it is not in any manner deleterious to his health. Moreover, we are of the opinion chat plaintiff has failed by a preponderance of evidence to establish that the anxiety neurosis he alleges he suffered was the result of the trauma sustained by him at the time of the accident.
While it is settled in the jurisprudence that in compensation cases recovery may be had for disability resulting from neurosis or hysteria, each case must be decided in the light of its own particular facts and circumstances for the dangers of abuse present in the acceptance of mental and nervous disorders require that the evidence be scrutinized with extreme care and caution. See Glass v. Aetna Casualty and Surety Company, La.App., 166 So.2d 552 and the cases therein cited.
Therefore, after due consideration of all of the facts and circumstances involved in this matter, we are convinced that the plaintiff failed by a preponderance of the evidence to establish that he sustained a traumatic anxiety neurosis as a result of the accident, and that the trial court was not manifestly erroneous in any regard, but correct as a matter of law, and its judgment in favor of the defendant, Liberty Mutual Insurance Company and against plaintiff, Francis X. Beaugez, dismissing the suit of said plaintiff is affirmed. All costs to be borne by plaintiff.
Affirmed.