FRUGÉ, Judge.
Plaintiff brought suit in the lower court seeking compensation benefits for total and permanent disability allegedly resulting from an accident he sustained while in the employ of Smackover Drilling Company. The trial judge found that the plaintiff was disabled and rendered judgment in favor of the plaintiff and against Employers Mutual Liability Insurance Company of Wisconsin, Smackover’s insurer and the appellant herein.
The plaintiff sustained an injury to his lower back while lifting a piece, of heavy machinery during the course of his employment as a roughneck on an oil rig operated by Smackover. He was seen by a physician within a short time and was hospitalized with what was diagnosed as a compression fracture of the fifth lumbar vertebra. He remained in the hospital for a period of twenty-nine days, during which time he was kept flat on his back on a hard bed. He was treated by the attending physician, Dr. S. A. Carrington, from the time of the accident, August 13, 1964, until December, 1964, at which time he returned to work for the drilling company though still complaining privately of pain in his lower back. During this period the insurer paid the medical expenses and workmen’s compensation benefits at the rate of $35.00 per week. The plaintiff’s complaints of pain were investigated on separate occasions by four orthopedic surgeons who concluded, in brief, that the plaintiff had suffered a straining injury to the paravertebral muscles of the lower back and that he was recovering from that injury. None of the doctors could provide, from an orthopedic standpoint, an explanation for the plaintiff’s continued complaints of severe pain in the lower back region.
The record indicates that several months after the plaintiff returned to the employ of Smackover Drilling Company, he voluntarily relinquished his position with that company because, according to his testimony, his job as a roughneck required that he repeatedly lift and handle heavy objects and machinery, causing him so much pain that he could not continue working on the drilling rig. Some few weeks later plaintiff secured employment as a timber cutter with a logging contractor. The plaintiff testified that he is paid by the number of logs that he cuts and not by the hour, so that he is not rushed and can rest when his back begins to hurt. He further testified that he works with a partner and that this co-employee assists him in felling and trimming the trees, working faster when the pain in his back does not bother him and slowing down the pace when it does. He stated further that he had learned to handle the chain saw without bending his back and that he often gets down on his knees in order to work with his back in a straight position. In spite of these measures, including the wearing of a steel-supported back brace prescribed by the attending physician, the plaintiff testified that he *581 still suffers pain in the region of his lower back.
The testimony of the co-employee corroborates the plaintiff’s account of his present difficulties. The other lay testimony given by the plaintiff’s wife, his co-employees and supervisory personnel on the Smackover drilling rig, and by his present employer, confirms the fact that the plaintiff is a dedicated and hardworking employee with a flawless work record and a history of several injuries for which he neither claimed nor received compensation.
Sometime prior to trial the plaintiff was examined by two psychiatrists, Dr. Alvin Cohen and Dr. Marvin F. Miller. Both doctors, eminently qualified in their field, concluded that plaintiff was suffering from a conversion neurosis precipitated by the trauma which he suffered while in the employ of Smackover Drilling Company.
After two psychiatric examinations of the plaintiff, Dr. Cohen expressed his findings thus:
“I concluded after my examination of this man — and from review of all the available information — that he was sincere, honest in his replies to me. There was no indication whatsoever of any malingering. He has at this time a large fixed emotional overlay to whatever organic pathology is present or was present in his back as a result of the injury of August, 1964. As a result of this neurosis, which is called diagnostically a conversion neurosis, precipitated by the trauma of August, 1964, he can not return to his work as a roughneck. He has been working as a log cutter, but he is experiencing considerable pain and is pushing himself to work because of his family obligations.”
This conclusion is supported by that of Dr. Miller, who found that the plaintiff was experiencing a neurotic reaction to trauma and that the reaction is acutely related to the accident he sustained in August, 1964 (Tr. 273). In the opinion of both doctors, the plaintiff is presently disabled from performing his duties as a roughneck and that his disability was caused by the accident which he sustained while in the employ of the defendant’s insured. The defendant did not have the plaintiff examined by a psychiatrist, and nowhere in the record is there any medical testimony, psychiatric or otherwise, which conflicts with the diagnoses advanced by these two doctors. No physician, including the five doctors who examined the plaintiff in an effort to find an organic cause of the plaintiff’s pain, expressed the opinion that the plaintiff was exaggerating his symptoms or was insincere or malingering in order to influence their diagnosis. In addition, the lay testimony without exception demonstrates that the plaintiff was a capable and conscientious employee who, before the accident in question, was seldom heard to complain or disapprove of the conditions of his employment.
After hearing and evaluating the evidence, both lay and medical, the trial judge concluded that the plaintiff’s complaints of pain are genuine and that he is presently suffering from and disabled by a conversion neurosis. On appeal the appellant urges as its sole specification of error that the trial judge committed manifest error in holding that the plaintiff had proven his disability by a preponderance of the evidence and in finding that the plaintiff could not return to the duties of his former occupation. In support of this contention, appellant cites the cases of Corral v. Crawford Homes, Inc., 113 So.2d 820 (La.App. 1st Cir. 1959); Ursin-Smith v. United States Casualty Co., 173 So.2d 18 (La.App. 4th Cir. 1965) ; Beaugez v. Liberty Mutual Insurance Co., 173 So.2d 869 (La.App. 4th Cir. 1965); Phillips v. Underwriters, 128 So.2d 318 (La.App. 1st Cir. 1961); Mouton v. Gulf States Utilities Co., 69 So.2d 147 (La.App. 1st Cir. 1953); Etienne v. Blair, 100 So.2d 533 (Orl.App.1958); Jackson v. International Paper Co., 163 So.2d 362 (La.App. 3d Cir. 1964) and Thomas v. American Insurance Co., 153 So.2d 918 (La.App. 1st *582 Cir. 1963). We note with more than passing interest, however, that in every instance save one, those cases involve appeals by employees from district court determinations that they [the employees] had failed to sustain the burden of proof incumbent upon them to prove by a preponderance of the evidence that they [the employees] were disabled by a traumatic neurosis. In short, in those cases the trier of fact did not believe the employees’ complaints of pain and the psychiatric explanations which were based on those complaints.
In Thomas v. American Insurance Co., the one instance where the appellate court reversed a disability finding of the lower court, the appellate court found that the claimant had a history of prior workmen’s compensation claims, one of which involved a traumatic neurosis for which the claimant was awarded some $2,175.00. In his last claim (the one which was appealed), the claimant under oath admitted lying, fraudulent conduct and malingering in connection with that earlier claim. The appellate court further found that the claimant gave inconsistent accounts of the alleged accident to the examining physicians that, when coupled with the diametrically conflicting psychiatric testimony, rendered a finding of disability manifestly erroneous.
It is hardly necessary to distinguish the instant case from the circumstances found in Thomas v. American Insurance Company. Suffice it to say that there is no conflicting psychiatric testimony in the instant case and that the lay testimony in our opinion corroborates the plaintiff’s own testimony in every respect. Summarizing this, the trial judge concluded in his reasons for judgment:
“In this case the plaintiff’s good work record prior to his accidental injuries weighs heavily in his favor. The lay testimony is, without exception, to the effect that plaintiff was a good provider for his family prior to his accidental injuries. Furthermore, the evidence shows that although plaintiff had previously sustained some rather painful injuries (on one occasion he sustained some fractured ribs) he continued to work; and this is his first compensation claim. It is my opinion that there is no positive and convincing evidence that would justify stigmatizing the plaintiff as a malingerer, but on the contrary the evidence is convincing that he is sincere in his complaints of pain.
“I have not been unmindful, in evaluating the evidence in this case, of the admonition expressed by the Court in the case of Miller v. United States Fidelity and Guaranty Company, supra [99 So.2d 511], as follows:
“ ‘We are fully cognizant of and have striven to take into proper consideration the dangers of abuse that are implicit in the acceptance of mental and nervous disorders and affections as constituting disability within the intent and purpose of our compensation statute. This danger has been voiced numerous times by the courts of this state, and it is accepted as an established principle, that the evidence in cases of this nature should be scrutinized with extreme care and that every precaution should be taken to protect employers and insurers against unjustified claims which lie in the somewhat nebulous realm of mental affections. On the other hand, the contrary danger of denying recovery to a deserving claimant is equally apparent.’
“After a careful study of both the medical testimony and the lay evidence, including the testimony of the plaintiff himself, and taking into consideration the prior work record of the plaintiff and the nature of the injury sustained by him, it is my opinion that plaintiff has sustained the burden of proof required by law, and has established his claim for total and permanent disability.”
*583 After a careful review of the record before us, we are unable to conclude that our brother below committed manifest error in awarding the plaintiff compensation benefits for total and permanent disability based on the existence of a traumatic neurosis. Consequently, we are of the opinion that his decision should be affirmed.
For the foregoing reasons, the judgment of the lower court is hereby affirmed, the appellant to bear all costs.
Affirmed.