REID, Judge.
This cause arises out of a claim for Workmen’s Compensation which is the result of injuries sustained by the plaintiff on July 23rd, 1965, when he was injured during the course of his loading a bread truck for the defendant baking company. The plaintiff was treated on July 26th, by Dr. Shewen Slaughter, the company physician and again on July 30th, August 3rd, 6th, and 10th. On August 14th, he was placed in the hospital for observation and remained there until August 20th. He was subsequently seen several times in Dr. Slaughter’s office after he was released from the hospital. During this time the plaintiff was also seen by Dr. Alvin Stander, who is a qualified orthopedist. Neither Dr. Slaughter nor Dr. Stander at any time in their testimony indicate that they were able to find any objective evidence of injury. The plaintiff, however, contended that he was totally and permanently disabled from doing work of any reasonable character. The defendant’s insurer paid compensation to the plaintiff for a period of nine (9) weeks, two (2) days, from July 24th, 1965, to September 26th, 1965. Suit was filed on February 2nd, 1966, alleging total and permanent disability. Trial was held in the 19th Judicial District Court, and on November 22nd, 1967, judgment was rendered in favor of the defendants, Wolf Baking Company, Inc., and its insurer, Liberty Mutual Insurance Company, dismissing plaintiff’s suit, at his costs. From this judgment, the plaintiff was granted a devolutive appeal specifying as error:
1. That the trial court erred in failing to hold the preponderance of evidence, showed the plaintiff suffered a conversion reaction or traumatic *649 nerosis as a result of the injury received while performing his assigned duties with the defendant company.
2. The trial court erred in refusing to apply the law of the State of Louisiana, in cases where the plaintiff bases his final claim for Compensation solely upon resulted conversion reaction or traumatic neurosis received from a compensable injury.
The plaintiff’s claim for total and permanent disability is based upon a supposed conversion reaction as a result of the injuries allegedly sustained as previously stated by Dr. Slaughter and Dr. Stander, who examined the plaintiff shortly after he reported the accident, and neither of them were able to find any objective symptoms of injury. The plaintiff was also examined by Dr. William E. Smith, who is also an orthopedic surgeon, and who likewise found no evidence of injury. The same was true of Dr. Harold M. Voss, an internist, who concurred in the findings of Dr. Slaughter, Dr. Stander and Dr. Smith.
It was, however, Dr. Burt Burgoyne, a psychiatrist in Baton Rouge, who diagnosed a conversion reaction traceable to the accident that the plaintiff bases his claim for total and permanent disability. It is pointed out that Dr. Burgoyne did not see the plaintiff until January, 1966.
The sole question to be decided here is whether the trial judge committed manifest error in holding that it had not been established by a preponderance of evidence that there was cause or connection between the alleged neurosis, and the accident. It is pointed out that there is sufficient expert testimony in the record to show that there were no objective symptoms of injury suffered by the plaintiff. This was all as a result of examinations and treatments performed by several doctors in a short period of time after the accident took place. From our examination of the record, we conclude as the trial court did in substance, that Dr. Burgoyne’s testimony did not sufficiently establish a cause or connection between the neurosis and the accident. The accident was very minor; there were no bruises or contusions and Dr. Burgoyne only saw plaintiff two times. All of the information on which he bases his opinion was furnished exclusively by the plaintiff and this is subjective evidence.
As pointed out by the defendant in the case of Corral v. Crawford Homes, Incorporated, La.App., 113 So.2d 820, the trial judge is free “to consider and accept other medical and/or late testimony and reach a differing ultimate conclusion as to the sincerity or not of the claimant’s complaint of pain.” In light of this, we cannot find that the trial judge committed manifest error in dismissing the plaintiff’s suit and his judgment therefor must be affirmed, at appellant’s cost.
Affirmed.