BLANCHE, Judge.
This is an appeal by plaintiff, Mrs. Jessie Mae LeBeuf, from a judgment of the district court dismissing her suit in workmen’s compensation for total and permanent disability benefits. Suit was filed by plaintiff in May of 1972 seeking workmen’s compensation for total and permanent disability due to a back injury and traumatic neurosis. Made defendants were her employer, Motel Metz, Inc., and its workmen’s compensation insurer, Gulf Insurance Company. After trial on the merits, the district court concluded that there was nothing physically wrong with plaintiff and that her claim for disability based upon traumatic neurosis was not established by a preponderance of the evidence.
Plaintiff assigns as error the ruling by the trial court which dismissed her claim based on the alleged traumatic neurosis, and, therefore, the only issue presented by this appeal is whether or not plaintiff has established her claim for disability due to traumatic neurosis by a preponderance of the evidence. We affirm.
Plaintiff’s claim arose out of an accident which occurred on August 1, 1971, during the course and scope of her employment as a cook for defendant, Motel Metz, Inc. On that day plaintiff was working in the kitchen of Motel Metz when she slipped and fell sustaining injuries to her back. Mrs. LeBeuf testified that on falling, her lower back, leg and head struck the floor. She further stated that despite numerous treatments and examinations she is still experiencing pain in her lower back and is unable to return to her job. Mrs. LeBeuf also testified that at the time she had been working for Motel Metz for about eight years and prior to the accident she had never missed any work. She was paid weekly compensation for ten weeks following the accident.
On August 3, 1971, plaintiff went to her personal physician, Dr. William Yates, who diagnosed her injury as lumbosacral myal-gia, severe, and prescribed muscle relaxants. X-rays taken of Mrs. LeBeuf’s lumbar spine and both hips on August 4, 1971, showed no fractures and were essentially negative. Dr. Yates administered several diathermy treatments to appellant, and on September 28, 1971, she was discharged as cured, according to a report of Dr. Yates which was filed in the record.
Plaintiff continued to complain of low back pain, and she was referred by her employer to Dr. Jack F. Loupe, an orthopedic surgeon. According to Dr. Loupe’s report and his testimony at trial, he examined Mrs. LeBeuf on September 21, 1971, and found no evidence of any orthopedic abnormality. Dr. Loupe testified that he performed a number of orthopedic tests which resulted in inconsistent responses. *897 He stated that plaintiff would indicate positive pain when a test was done in a certain position and then when the same test was performed as if for a different reason in another position, the response as to pain would be negative. Thus, Dr. Loupe felt plaintiff was exaggerating her symptoms and simulating pain. Dr. Loupe further testified that Mrs. LeBeuf was somewhat uncooperative during the examination which was accompanied by constant moaning, groaning and whining on her part. Dr. Loupe concluded that his examination of plaintiff disclosed no objective evidence of any orthopedic disability, and he felt she could return to her previous occupation.
According to his written reports filed in evidence at trial, Dr. Charles Kennon, another orthopedic surgeon, examined plaintiff at the request of her attorney on October 5, 1971, and again on February 8, 1972. 'Dr. Kennon found Mrs. LeBeuf to be very uncooperative and he stated that she had too much emotional overlay for him to adequately examine her. However, Dr. Ken-non further stated that she may have sustained a low back strain in the accident but that there were no objective findings to substantiate any serious orthopedic difficulty.
There is also a report in the record from Dr. Frank G. Rieger which shows that he saw plaintiff on November 5, 1971, and again on November 12, 1971. His examination revealed a chronic lumbosacral strain and he gave her a muscle relaxant injection. After her second visit, Dr. Rie-ger advised her to seek orthopedic evaluation of her condition.
Finally, on June 28, 1972, Mrs. LeBeuf was examined by Dr. Allan M. Johnstone, a psychiatrist, and his report dated July 12, 1972, was introduced at trial. Dr. John-stone also testified at trial and stated that he saw plaintiff on only this one occasion for a period of about forty-five minutes. He further stated that during this consultation she appeared somewhat bitter about her condition and frowned frequently as if to impress him of the pain that she was experiencing. However, Dr. Johnstone felt that Mrs. LeBeuf was not consciously malingering. Dr. Johnstone indicated that there was a strong possibility that plaintiff was suffering from hysterical neurosis, conversion type (also known as traumatic neurosis), precipitated by her slip and fall of August 1, 1971. Dr. Johnstone further testified that Mrs. LeBeuf has anxieties about the future support of her children. As a result of the history taken from Mrs. LeBeuf, Dr. Johnstone learned that her mother had died of childbirth when plaintiff was thirteen or fourteen years of age. With these facts present, he stated that through dream interpretation and information based on a person’s insecurities and his behavior, there is an unconscious equivalent between slipping and falling and anxiety regarding pregnancy. This is followed by his admission that a lay person would find this difficult to understand. In later testimony he opined that plaintiff’s current anxieties regarding support and threats to her security could be a reactivation of the earlier anxieties experienced with the loss of her mother and her mother’s support. He also stated that his examination revealed no indication of hallucinations or paranoid ideation. Dr. Johnstone felt that plaintiff truly believes that her symptoms are related to some physical disorder rather than to a psychological conflict. His opinion as to plaintiff’s condition was based exclusively on information furnished to him by her. When questioned about her disability, Dr. Johnstone stated that it would be difficult for him to answer with any degree of certainty as to any disability Mrs. LeBeuf might have as a result of her mental condition.
Two of plaintiff’s co-workers, Melba Cou-villion, and Rosie Lee Davis, testified that they knew LeBeuf was a punctual and efficient employee before the accident. Rosie Lee Davis, plaintiff’s sister, stated that she had worked with Mrs. LeBeuf at the motel for eight years and that during that time plaintiff was never guilty of any substantial *898 absenteeism. Miss Davis also testified that she had visited Mrs. LeBeuf on a regular basis since the accident and had always found her in bed and hurting most of the time.
Having discussed the evidence, we now examine the applicable law. It is clear that recovery of workmen’s compensation benefits may be allowed for disability resulting from traumatic neurosis. Morris v. Argonaut Insurance Company, 261 So.2d 344 (La.App. 1st Cir. 1972); Bailey v. Avondale Shipyards, Inc., 198 So.2d 409 (La.App. 4th Cir. 1967). However, a claimant must prove his claim of psychoneurotic disability to a legal certainty by a reasonable preponderance of the evidence, and the evidence in such a case must be carefully scrutinized due to the vague, nebulous and subjective nature of the disability. Wilkson v. Argonaut Insurance Company, 216 So.2d 97 (La.App. 1st Cir. 1968); Straughter v. Cesco, Inc., 262 So.2d 126 (La.App. 1st Cir. 1972).
Plaintiff contends that the unrebutted psychiatric testimony by Dr. Johnstone and the testimony of plaintiff’s co-workers was sufficient proof of her disability due to traumatic neurosis. Defendant contends that under the above-discussed jurisprudential rule plaintiff has failed to establish her disability to a legal certainty and, therefore, the trial court’s determination ought to be upheld.
In passing upon this issue, the trial judge in his Oral Reasons for Judgment undertook an exhaustive and complete analysis of the recent jurisprudence in this area. He cited the following cases: Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3rd Cir. 1970), writ refused 256 La. 894, 240 So.2d 231 (1970); Domino v. Wolf’s Baking Company, 215 So.2d 648 (La.App. 1st Cir. 1968); Bailey v. Avondale Shipyards, Inc., supra; Wilkson v. Argonaut Insurance Company, supra; Melerine v. Ford Motor Corporation, 239 So.2d 406 (La.App. 4th Cir. 1970), writ refused, 256 La. 1160, 241 So.2d 256 (1970); Molden v. Louisiana Agricultural Supply Company, 160 So.2d 281 (La.App. 1st Cir. 1964); and Morris v. Argonaut Insurance Company, supra. Based upon these authorities, the trial court ruled that plaintiff had not established her disability by a preponderance of the evidence.
In asserting error on the part of the trial court, plaintiff mainly relies on the cases of Royer v. Cantrelle, 267 So.2d 601 (La.App. 3rd Cir. 1972), writ refused, 263 La. 626, 268 So.2d 680 (1972), and Manshack v. Employers Mutual Liability Insurance Company, 199 So.2d 579 (La.App. 3rd Cir. 1967). In both of those cases compensation was allowed for permanent disability due to traumatic neurosis. In Royer the psychiatrist who had examined the claimant on only one occasion conclusively testified that the claimant was suffering from traumatic neurosis and was permanently disabled thereby. In Manshack two psy-. chiatrists conclusively testified that the claimant was suffering from conversion neurosis causally related to an accident suffered on the job. Both psychiatrists also testified that the claimant was presently disabled because of his mental condition. In both of these cases there was no testimony by any of the other physicians to indicate that the claimants were simulating pain or were insincere in their complaints.
These cases are factually distinguishable from the instant matter. In the case at bar there was testimony by Dr. Loupe and indications in the reports of Dr. Kennon to the effect that plaintiff was exaggerating her symptoms and simulating pain. Even though Dr. Johnstone felt that plaintiff was not malingering, he stated that during his examination she frequently frowned as if to indicate to him that she was in pain. In addition, Dr. Johnstone did not conclusively state that Mrs. LeBeuf was suffering from traumatic neurosis but formed his opinion in terms of a strong possibility and testified that it was more probable than not that Mrs. LeBeuf was suffering from hysterical neurosis, conversion type.
*899 We find several of the cases cited by the trial judge more appropriate to the facts presented by the instant matter. In Boutte v. Mudd Separators, Inc., supra,, there was testimony by only one psychiatrist, who saw the claimant only one time for about an hour, that the claimant therein was suffering from traumatic neurosis caused by an accident during the course of his employment. The Court there held that this was insufficient proof upon which to base an award of compensation for total and permanent disability.
In Domino v. Wolf’s Baking Company, supra, this Court held the testimony of only one psychiatrist who saw the claimant only two times some six months after the accident and who based his opinion that the claimant was suffering from a conversion neurosis on information furnished exclusively by the plaintiff to be insufficient to establish a connection between the accident and the alleged neurosis.
In Bailey v. Avondale Shipyards, Inc., supra, the plaintiff was injured when he fell from a scaffold while working as a common laborer. After examinations by several physicians disclosed no medical basis for plaintiff’s complaints of pain, he was seen three times by a psychiatrist who testified at trial that he thought plaintiff’s complaints were psychologically based and that there was some partial disability. The psychiatrist first saw the plaintiff approximately one year after the accident, and there was testimony by one of his earlier physicians to the effect that the plaintiff greatly exaggerated his complaints. This testimony was similar to Dr. Loupe’s testimony in the instant case as to the inconsistent responses by Mrs. LeBeuf when the same tests were performed as if for a different reason. The Court concluded that the plaintiff had failed to prove his disability by a preponderance of the evidence in Bailey.
Our brothers of the Second Circuit in the case of Elliott v. Insurance Company of North America, 159 So.2d 313 (La.App. 2nd Cir. 1963), writ denied, 245 La. 812, 161 So.2d 281 (1964), reversed a grant of compensation by the trial court for disability due to an alleged traumatic neurosis. The claimant therein had been examined by the testifying psychiatrist on two occasions some sixteen months after the accident. The psychiatrist stated that the claimant was prone to develop traumatic neurosis but he could not state with certainty that the claimant was unable to work. This testimony was held to be insufficient to establish the plaintiff’s claim to a legal certainty.
In the case at bar Dr. Johnstone testified that he saw the claimant only once for a period of forty-five minutes some eleven months after the accident. He could not conclusively state that plaintiff was suffering from traumatic neurosis precipitated by the accident, nor could he state the'extent of disability with any degree of certainty. His opinion was based exclusively on information furnished to him by the plaintiff. We find that this testimony does not preponderate to the legal certainty required by law in favor of the conclusion that plaintiff is suffering a permanent disability due to traumatic neurosis caused by the injury to her back.
This determination is further substantiated by the testimony of Dr. Loupe to the effect that plaintiff was exaggerating her symptoms and simulating pain. It is also clear from the negative findings of the orthopedists that plaintiff has now physically recovered from the accident in question. Under these circumstances we hold that the trial court was not manifestly erroneous in concluding that plaintiff failed to bear the burden of proving to the certainty required by law the existence of a disabling traumatic neurosis caused by her accident.
Accordingly, for the above reasons,'the judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.