546 So.2d 308 (1989)
Whitney J. SINEGAL, Jr., Plaintiff-Appellant,
v.
LOUISIANA BLASTERS, INC. and Aetna Casualty and Surety Company, Defendants-Appellees.
No. 88-400.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*309 Walter Landry, Lafayette, for plaintiff-appellant.
Roy, Carmouche, Bivins, Judice, Henke & Breaud, Patrick Wartelle, Lafayette, for defendants-appellees.
Before DOMENGEAUX, LABORDE and KING, JJ.
DOMENGEAUX, Judge.
On August 3, 1987, Whitney J. Sinegal, Jr. filed this worker's compensation suit against his former employer, Louisiana Blasters, Inc., and its insurer, Aetna Casualty and Surety Company, after Aetna terminated his temporary total disability benefits in February of 1986. The trial judge sustained an exception of prescription for all claims, except those for supplemental earnings benefits and medical expenses. This ruling was not appealed. After trial on the merits, the lower court entered judgment for defendants, finding that plaintiff was not disabled beyond the date benefits were terminated. We affirm.
On May 29, 1985, while in the course and scope of his employment as a roustabout for Louisiana Blasters, Inc., plaintiff fell in a wet rice field as he and three other men were carrying a 130 pound pipe scaffolding. Plaintiff was immediately taken to Dr. Corbett LeBouef's office in Abbeville.
After conducting a clinical examination and reviewing X-rays, Dr. LeBouef found no objective signs of injury. He concluded plaintiff suffered a low back strain, and he released plaintiff to regular duty.
The next day plaintiff was examined by Dr. Thomas Latour, who observed considerable muscle spasms on the right side of the lumbosacral spine. On that day plaintiff complained of tenderness in the right back area and pain radiating to his legs. Dr. Latour prescribed pain medications, and thereafter, he continued to see plaintiff on a monthly basis through November of 1987. Throughout this two year period, Dr. Latour observed that plaintiff was extremely sensitive to pain. In his opinion, plaintiff's complaints of pain far surpassed those of patients with diagnosed ruptured discs. Unable to explain these unusual responses, Dr. Latour referred plaintiff to Dr. John Cobb, an orthopedic surgeon.
Dr. Cobb treated plaintiff from August 7, 1985 through September 23, 1987. During this time, he was unable to identify any objective findings that would substantiate plaintiff's complaints of pain. X-rays revealed proper spinal alignment, and the results of a discogram performed in January, 1987 were normal. Furthermore, Dr. Cobb noted that plaintiff exhibited several "inappropriate illness responses." Although he believed plaintiff to be sincere, Dr. Cobb stated that plaintiff's complaints of pain were exaggerated and that plaintiff's range of motion was inconsistent with a serious back injury. When a series of injections failed to alleviate plaintiff's symptoms, Dr. Cobb referred him to Dr. Daniel Hodges, a rehabilitation specialist.
Dr. Hodges examined plaintiff on November 11, 1987. He testified that he was unable to form a valid impression of plaintiff's condition because plaintiff's extreme tenderness to minimal palpations prevented a thorough examination of his back. Although Dr. Hodges would not release plaintiff to any type of physical activity, he was of the opinion that plaintiff was slightly exaggerating his symptoms.
On February 19, 1986, plaintiff was examined by Dr. Roland Miller. Dr. Miller observed that plaintiff was "almost in athletic condition," with good musculature of *310 the spine and well defined muscles in the upper and lower extremities. Dr. Miller also noted several inappropriate illness responses, including an unusual gait and whole right leg numbness. Dr. Miller could offer no physiological explanation for these symptoms. Finding no objective signs of injury, Dr. Miller released plaintiff to regular work duty. After receiving Dr. Miller's report, Aetna terminated the temporary total disability benefits it had been paying to plaintiff since the date of his accident.
The primary issue presented by this appeal is whether the trial court was manifestly erroneous in finding that plaintiff was not disabled after February of 1986. Whether a plaintiff's pain is substantial enough to render him disabled is a question of fact to be determined by the trial court. Such a determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for such a finding, unless such findings are clearly wrong. Lewis v. Wal-Mart Stores, Inc., 525 So.2d 93 (La.App. 3d Cir.1988), writ denied, 525 So.2d 1047 (La.1988), and Ellis v. Rapides Parish School Board, 419 So.2d 990 (La.App. 3d Cir.1982). The manifest error standard also applies to appellate review of deposition testimony. Virgil v. American Guaranty & Liability Ins., 507 So.2d 825 (La.1987); Allen v. Louisiana-Pacific Corp., 512 So.2d 556 (La.App. 3rd Cir.1987.)
After a careful review of the record, including the depositions of all five (5) physicians, we conclude there is ample evidence to support the decision of the lower court. Accordingly, we hereby adopt the trial judge's thorough, yet concise, analysis:
The Court, after having reviewed all the evidence, finds plaintiff was temporarily disabled from the date of the accident, due to a low back strain. The Court notes Dr. Latour did find objective evidence of muscle spasm in his lower back. However, the Court does not feel that plaintiff's disability continued for very long, and certainly not past February 17, 1986.
All of the doctors testified that plaintiff exhibited some kind of "inappropriate illness response," "malingering," or "exaggeration." The Court feels the plaintiff is obviously exaggerating his complaints of pain. In particular, immediately after the accident, upon his visit to Dr. LeBouef, plaintiff would not bend forward because of extreme pain. However, upon completion of the examination, plaintiff bent over freely to pull up his pants. The Court feels this is an indication that plaintiff wasn't being truthful even from the beginning, and finds the medical testimony does not substantiate his continuing complaints of pain. Further, the Court was impressed by the testimony of several lay witnesses who saw plaintiff moving freely at a night club, and walking around in Abbeville.
The Court feels that defendant did not act arbitrarily or capriciously in terminating the plaintiff's benefits. Rather, they delayed the termination of the benefits until an orthopedic surgeon released plaintiff to work, as the two (2) general practitioners differed somewhat in their opinion. Therefore, the Court finds in favor of the defendant, dismissing plaintiff's demands at his costs, and denying his claim for attorney's fees and penalties.
For the first time, plaintiff, in his appellate brief, alleges that he is suffering from a disabling traumatic neurosis. Such injuries must be substantiated by competent psychiatric testimony. Thomas v. American Insurance Company, 153 So.2d 918 (La.App. 1st Cir.1963), writ denied, 244 La. 902, 154 So.2d 769 (1963). Plaintiff argues that the uncontradicted testimony of Dr. Latour, who was tendered as an expert in general practice and also in psychiatry, is sufficient to establish such a claim. However, Dr. Latour testified that he treated plaintiff in his capacity as a general practitioner and that he did not subject plaintiff to any psychiatric testing. We, therefore, conclude that plaintiff has *311 not established a claim for injuries based on a traumatic neurosis.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.