DOUCET, Judge.
This is an appeal from a judgment reinstating the plaintiffs workers’ compensation benefits.
In late June 1991, the plaintiff, Mark Bris-coe, began work as a delivery man for Jerry’s Furniture Mart (Jerry’s) in Eunice, Louisiana. On September 9, 1991, Briscoe and a co-worker, L.B. Guillory, were delivering furniture in Mamou, La. Each was holding one end of a desk with Briscoe walking backwards, when Briscoe stepped off the edge of the sidewalk. He did not fall or drop the desk. He told Guillory he thought he had pulled a muscle. They completed the furniture delivery and returned to Jerry’s. Bris-coe told Jerry Reviere, the owner of Jerry’s, that he thought he had hurt himself. When Briscoe returned to work the next day, Revi-ere sent him to Dr. Sylvan Manuel. Reviere filled out an accident report and reported the incident to his workers’ compensation insurer, Louisiana Retailers Association. Compensation benefits were paid from September 10, 1991, through February 17, 1992.
On February 17, 1992, Briscoe filed a disputed claim for compensation with the Office of Workers’ Compensation in Baton Rouge, La. After a hearing the administrative hearing officer rendered judgment as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be rendered in favor of claimant, and against the defendant, with prejudice and at defendant’s cost.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that claimant’s disability extends beyond February 17, 1992, the date on which the defendant improperly terminated benefits. Accordingly, claimant is entitled to temporary, total disability benefits in the amount of $132.61 per week from February 18, 1992 to the date claimant is able to engage in any employment or self-employment. Once the defendant received the medical reports of Drs. Cobb and Domingue regarding a possible herniation at the C5-6 level, this claim was no longer reasonably controverted. Therefore, claimant is entitled to a twelve (12%) percent penalty on the indemnity benefits which are due from the date due until paid plus legal interest from date of judicial demand until paid. Further, claimant is entitled to $.24 per mile for each mile travelled to and from the offices of medical practitioners for related medical treatment after February 17, 1992, subject to sufficient documentation being provided the defendant.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay the medical bills of Dr. John Cobb and Dr. Michael Williams. Additionally, the defendant is ordered to pay for the treatment recommended by Dr. John Cobb, specifically but not necessarily limited to the discogram at the C5-6 level. Furthermore, claimant is entitled to an *552 additional twelve (12%) percent penalty on the total amount of the medical expenses which remain unpaid, plus legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay for the costs of medications prescribed by claimant’s treating physicians, rather than reimbursing claimant his out-of-pocket expenses.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant pay to claimant an attorney’s fee of $3,500.00 for its arbitrary and capricious handling of this claim. Having received the reports of Drs. Cobb and Domingue regarding the possible herniation the defendants could no longer rely on the earlier report of Dr. Webre. Additionally, the defendant has been arbitrary and capricious in failing to timely pay claimant’s medical bills.
Jerry’s and Briscoe appeal.

DISABILITY

Jerry’s first argues that the hearing officer erred in finding that Briscoe was entitled to workers’ compensation benefits after February 17, 1992.
Whether or not a plaintiff is temporarily totally disabled is a question of fact to be determined by the trial court. If this decision is based upon reasonable evaluations of credibility, such a determination of fact should not be disturbed on appeal when there is evidence before the trier or fact which furnishes a reasonable factual basis for such a finding, unless such findings are clearly wrong. Sinegal v. Louisiana Blasters, Inc., 546 So.2d 308 (La.App. 3rd Cir.1989).
Landry v. Central Industries, Inc., 592 So.2d 478, 480 (La.App. 3 Cir.1991), writ denied 593 So.2d 381 (La.1992).
The record as a whole provides an adequate factual basis for the hearing officer’s conclusion that Briscoe continued to be disabled after February 17, 1992.
Much of defendant’s argument is based on its contention that Briscoe’s initial complaints were back symptoms and that his headaches began well after the accident. However, Briscoe’s testimony that his headaches began at or near the time of the accident is supported by the medical evidence.
Briscoe first saw Dr. Sylvan Manuel who referred him to Dr. Fred Webre, an orthopedic surgeon. Dr. Webre took X-rays of Bris-coe’s back which showed no abnormality.
On October 9, 1991, Briscoe consulted Dr. John Cobb. Dr. Cobb’s report describes Briscoe as suffering from back pain and headaches. On Dr. Cobb’s recommendation, an MRI was done of Briscoe’s lumbar spine. The results were normal. In December 1991, Dr. Cobb referred Briscoe to Dr. James Domingue, a neurologist, for treatment of the headaches.
In January 1992, Dr. Webre found that Briscoe, from an orthopedic standpoint, could return to normal activity. However, Dr. We-bre stated that he could not comment on Briscoe’s headaches.
On February 11, 1992, Dr. Domingue saw Briscoe in connection with headaches, neck pain and numbness in his tongue. On that visit, Dr. Domingue felt the headaches were muscle contraction headaches resulting from Briscoe’s chronic pain state. However, he felt that Briscoe needed MRIs of the brain and neck. In May 1992, the recommended MRIs were performed. The MRIs of his neck showed an abnormality at the C5-6 level which was interpreted as being either a disc herniation or an osteophyte (bone spur). Neither Dr. Cobb nor Dr. Domingue was sure that this was the cause of Briscoe’s neck pain. Dr. Cobb recommended that a disco-gram be performed as a diagnostic measure. The reports indicate that Briscoe continued to complain of headache and back pain throughout.
The test results, though inconclusive, indicate a physical basis for Briscoe’s complaints. We find no manifest error in the hearing officer’s conclusion that Briscoe continued to be temporarily totally disabled.

PENALTIES AND ATTORNEY’S FEES

Defendant argues that the hearing officer erred in assessing penalties and attorney’s fees.
*553 Under La.R.S. 23:1201 and 23:1201.2, an insurer who arbitrarily and capriciously discontinues compensation payments may be held liable for penalties and attorney’s fees.
In this case, we cannot say the hearing officer erred in finding the defendant to be arbitrary and capricious. Dr. Webre’s letter was far from being a clean bill of health for Briscoe. Dr. Webre’s reference to Briscoe’s consultation with Dr. Domingue and his refusal to comment on Briscoe’s headaches indicate that Briscoe’s problems continued.
Plaintiff argues that the attorney’s fee of $3,500 assessed against the employer was inadequate. He further asks for an additional fee on appeal.
The amount of attorney’s fees is based upon the attorney’s skill and the amount of work required of him. The trial court has much discretion in determining the reasonableness of attorney’s fees, (citation omitted)
Sharbono v. H &S Const. Co., 478 So.2d 779, 788 (La.App. 3 Cir.1985).
In light of the issues involved and the amount of work required, we find no abuse of discretion in the award of fees. However, the plaintiff is entitled to an additional attorney’s fee award on appeal which we assess at $1,500.00.

DISCOGRAM

The defendant argues that the hearing officer erred in ordering it to authorize a discogram for Briscoe.
Dr. Cobb recommended that a discogram be done to better diagnose Briscoe’s problem. •
This court has held that where a neurosurgeon suggested that a discogram should be performed on an injured worker, the expenses of such discogram were reasonable and necessary and should have been paid by the employer’s insurer. Williams v. Commercial Union Assur. Co., 422 So.2d 657 (La.App. 3rd Cir.1982).
Landry, supra, at p. 482.
Therefore, we find no manifest error in the hearing officer’s order that Jerry’s pay for a discogram.

PAYMENT FOR MEDICATION

Finally, the defendant argues that the hearing officer erred in ordering it to pay for Briscoe’s prescription medication directly, rather than reimbursing him.
The defendant argues that La.R.S. 23:1203(A) requires only that the claimant be reimbursed.
La.R.S. 23:1203(A) states:
In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such care, services, and treatment shall be performed at facilities within the state when available. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less, (emphasis added)
Defendant cites no law, and we can find no jurisprudence, supporting its interpretation of this statute. We point out however, that this provision concerns the appropriate amount of payment, not the appropriate payee. Further, it does not specify to whom “reimbursement” is to be made. We find the interpretation put forward by the defendant to be contrary to the purpose of the workers’ compensation law. La.C.C. art. 10 states that:
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
Additionally, payment to the supplier rather than the plaintiff places no additional burden on the employer.
*554 As a result, we find no error in the decision of the hearing officer to order the defendant to pay for the plaintiffs medications rather than reimbursing him.
Accordingly, the judgment of the hearing officer is affirmed. Plaintiff is awarded additional attorney’s fees of $1,500.00 on appeal. Costs of appeal are to be paid by the defendant.
AFFIRMED AND RENDERED.